UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| A.G., by and through her guardian ad litem, Corene Gabot,<br><br>                    Plaintiffs<br>v.<br><br>Albertson's LLC,<br><br>                    Defendant | Case No.: 2:24-cv-01943-CDS-MDC<br><br>**Order Granting Petition for Minor's Compromise and Motion to Seal Petition**<br><br>[ECF Nos. 16, 17, 18] |

Corene Gabot, as the natural mother, filed a petition for compromise of a claim on behalf of her daughter, A.G. ECF Nos. 16 (unsealed); 17 (sealed).[1] Plaintiffs also filed a motion to seal the petition. Mot. to seal, ECF No. 18. Both the petition and the motion to seal it are unopposed. Having reviewed the petition, I find the amount to be reasonable and the settlement to be in the best interest of all parties. Thus, for the reasons set forth herein, I grant the plaintiffs' petition for compromise of minor's claim. ECF No. 16. I also find there are compelling reasons for maintaining the seal on ECF No. 18, namely the inclusion of medical information and personal identifying information. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (discussing compelling reasons standard). Accordingly, the plaintiffs' motion to seal is granted.

## I.   Background

On September 18, 2022, A.G., a minor, was with her mother at an Albertsons in Henderson, Nevada. Gabot and A.G. used the restroom at Albertsons. As Gabot walked out of the restroom with A.G. in her arms, Gabot slipped on water that was on the floor, causing Gabot to fall with A.G. in her arms. Both Gabot and A.G. were injured in the fall.

---

[1] For ease, the court only refers to the unsealed version of the petition (ECF No. 16) herein. Further, a copy of the sealed petition (ECF No. 17) is incorporated into this order by reference as if set forth fully herein.

II.  Legal authority

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. Nevada Revised Statutes (NRS) 41.200. No settlement is effective until it is approved by the court. *Id.* at (1) ("If an unemancipated minor has a disputed claim . . ., either parent . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Jud. Dist. Ct.*, 273 P.3d 855, 859 (Nev. 2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing"). Citing Ninth Circuit and other federal circuit court case law, the Supreme Court of Nevada concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.* at 860. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

As the Ninth Circuit has made clear, in cases involving the settlement of a minor's federal claims, the district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the

district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

### III. Analysis

Under the terms of the settlement, a total of $150,000 is to be distributed to Gabot and A.G. ECF No. 16 at 2. The $150,000 is divided as follows: (1) $146,000 to Corene Gabot, and (2) $4,000 to A.G. *Id.* The settlement is subject to a contingent attorney's fee, payable to DiMarco, Araujo and Montevideo, in the amount of 25% of the settlement resulting in a fee of $1,000.00.[2]

In determining whether to approve the settlement, the court must first consider the outcome of similar cases to determine whether the sum to settle the minors' claims is reasonable. *See Robidoux*, 638 F.3d at 1181. Although Gabot did not identify any similar actions to support the approval of the minor's compromise, I find the recovery is appropriate considering those received by minors in other actions. The settlement is on par with amounts awarded to other minors. *See, e.g., M.W. v. Safeway, Inc.*, 2019 WL 4511927 (W.D. Wash. Sept. 19, 2019) (approving $12,000 settlement for minor who suffered headaches after being struck in the head by a shopping cart); *Pineda vs. Target Corp.*, 18 Trials Digest 15th 18 (N.D. Cal. Aug. 25, 2011) ($4,600 settlement for minor who tripped and was injured when he hit his head on an unattended shopping cart). Second, the requested attorney's fees award is reasonable and appropriate in contingency cases. In fact, in contingency fee cases, attorney's fees for representing a minor historically have been limited to 25% of the gross recovery. *See J.K.E. by & through Kelly v. United Parks & Resorts, Inc.*, 2025 WL 654723, at *3 (S.D. Cal. Feb. 28, 2025) (collecting cases).

Thus, based on a review of the petition, together with the exhibits attached thereto, I find that the settlement is reasonable, and the attorney's fees and costs are reasonable and fair. I

---

[2] The contingency fee is calculated on the gross amount of the settlement before the deduction of fees and expenses.

also find the method of disbursements to be fair, reasonable, and within the bounds of applicable law. *See* ECF No. 16 at 4–5 (setting forth the disbursement process). Accordingly, the petition for minor's compromise is approved.

IV.  Conclusion

IT IS HEREBY ORDERED that the proposed settlement for A.G.'s claim arising out of the September 18, 2022 incident at the Albertsons in Henderson, Nevada, is approved in the amount of $4,000.00. Therefore, the petition for approval of minor's compromise **[ECF No. 16/17] is APPROVED**.

IT IS FURTHER ORDERED that the balance of the settlement proceeds, in the amount of $2,344.35, must be deposited into a blocked, interest-bearing account at Chase Bank until A.G. reaches the age of eighteen years.

IT IS FURTHER ORDERED that by October 15, 2025, Gabot must file proof that the funds were deposited in a blocked, interest-bearing trust account with Chase Bank for the benefit of A.G.

IT IS FURTHER ORDERED that the motion to seal the unredacted version of the petition **[ECF No. 18] is GRANTED**. The Clerk of Court is kindly instructed to maintain the seal on ECF No. 17.

Dated: September 2, 2025

_____
Cristina D. Silva
United States District Judge